**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

WILLIAM DESHAUNE MARTIN, #321376,

                Petitioner,

v.                      CIVIL ACTION NO. 2:05cv451

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

### A. Background

On December 2, 2002, Petitioner, William Deshaune Martin ("Martin"), was found guilty in a bench trial,[1] in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"), of one (1) count of possession of cocaine with intent to distribute, one (1) count of possession of heroin with intent to distribute, one

---

[1]Martin was represented at trial by court-appointed counsel, Danny Shipley, Esq. ("Shipley").

(1) count of possession of cocaine with intent to distribute within 1000 feet of school property, and one (1) count of possession of heroin with intent to distribute within 1000 feet of school property.  Martin was sentenced to a total of twenty-four (24) years (sixteen (16) years suspended) in prison and $2,000 in fines, as reflected in the Court's Sentencing Order entered on April 11, 2003.[2]

On May 1, 2003, with the assistance of counsel,[3] Martin submitted a letter to the Circuit Court, requesting a rehearing on an alleged discrepancy between the sentence as set forth in the sentencing transcript and as stated in the sentencing order.  On May 6, 2003, the Circuit Court denied this request, affirming that

_____

[2]The sentencing hearing took place on April 4, 2003.  Shipley represented Martin at this hearing.  The sentencing hearing had initially been scheduled for February 14, 2003, but was continued, upon defense counsel's motion, in order to have Martin evaluated for detention and diversion programs.  At the April 4, 2003 hearing, defense counsel advised the court that the evaluation had not taken place because Martin was found to be ineligible for those programs due to a prior conviction.  The specific sentences for each count (to run consecutively) were:
    (1) For possession of cocaine with intent to distribute: ten (10) years in prison (six (6) years suspended) and $1,000 fine;
    (2) For possession of heroin with intent to distribute: ten (10) years in prison (six (6) years suspended) and $1,000 fine;
    (3) For possession of cocaine with intent to distribute within 1000 feet of school property: two (2) years in prison (two (2) years suspended); and
    (4) For possession of heroin with intent to distribute within 1000 feet of school property: two (2) years in prison (two (2) years suspended).

[3]On April 8, 2003, S. Clark Daugherty, Esq. ("Daugherty"), was appointed to represent Martin for appeal.  Daugherty assisted Martin with this rehearing request.

2

the April 11, 2003, sentencing order accurately stated the sentence.

On May 5, 2003, Martin noted his appeal to the Court of Appeals of Virginia ("Court of Appeals"). On July 28, 2003, Martin filed a petition for appeal containing three (3) claims.[4]   On November 20, 2003, the Court of Appeals granted Martin's petition as to the first two (2) claims, but denied the appeal as to the third claim.[5]  Martin v. Commonwealth, No. 1481-03-1 (Va. Ct. App. Nov. 20, 2003) (per curiam) ("Martin I").  On December 30, 2003, Martin filed his appellate brief, restating his two (2) claims, supra, which a three-judge panel of the Court of Appeals denied on March 23, 2004.[6]  Martin v. Commonwealth, No. 1484-03-1, 2004 Va.

---

[4]Daugherty represented Martin for this appeal.  This appeal alleged essentially the following claims:
    (1) The Circuit Court erred in concluding at mid-trial (during the Commonwealth's evidence) that Martin had sold narcotics to a confidential informant where that confidential informant had not testified and the detective observing the transaction was unable to identify Martin as the other person involved;
    (2) The Circuit Court erred in relying on inadmissible hearsay evidence to conclude that Martin had sold narcotics; and
    (3) The Circuit Court erred in sentencing Martin for possession of cocaine with intent to distribute and for possession of heroin with intent to distribute, to two (2) consecutive terms of imprisonment of ten (10) years with six (6) years suspended.

[5]The denial was based on the presumption that when there is a conflict between a court's order and the transcript, the court order correctly reflects what transpired.  Additionally, the sentences as set out in the court's order were within the ranges set by the legislature.

[6]The court held that Martin failed to preserve either of claims (1) and (2) at trial for appeal, and, therefore, the claims were barred from appellate review by Va. Sup. Ct. R. 5A:18.

App. LEXIS 122 (Va. Ct. App. Mar. 23, 2004) ("<u>Martin II</u>").   On April 2, 2004, Martin filed his petition for appeal with the Supreme Court of Virginia.[7] On July 15, 2004, the Supreme Court of Virginia summarily refused the petition for appeal.   <u>Martin v. Commonwealth</u>, No. 040707 (Va. July 15, 2004) ("<u>Martin III</u>"). Martin did not file an appeal with the United States Supreme Court.

On September 22, 2004, Martin filed a <u>pro se</u> petition for a writ of habeas corpus in the Supreme Court of Virginia.[8]   On April

---

[7]Daugherty represented Martin for this appeal.  This appeal alleged essentially the same three (3) claims, that Martin included in the July 25, 2003 petition, <u>see supra</u>, note 4, filed with the Court of Appeals.

[8]The state petition form was accompanied by the same memorandum (except for the last page, <u>see infra</u>, note 13), included with the instant petition.  Although Martin only listed four (4) general claims on the state petition form, the Supreme Court of Virginia construed that memorandum as setting forth the following subclaims as set forth below.
(A)  Appellate counsel was ineffective for:
(1) Only raising issues that were barred by Va. Sup. Ct. R. 5A:18; and
(2) Not filing an <u>Anders</u> brief so that the appellate courts could review the entire trial record for potential error;
(B)  Trial counsel was ineffective for:
(1) Failing to preserve by contemporaneous objection Martin's claim that the trial court erred by concluding, prior to the conclusion of the evidence, that Martin sold narcotics;
(2) Failing to preserve by contemporaneous objection Martin's claim that the trial court improperly relied on hearsay evidence in determining Martin's guilt;
(3) Failing to compel the Commonwealth to subpoena the woman who allegedly bought narcotics from Martin;
(4) Failing to raise the issue that the "marked money" from the alleged sale was not found on Martin, and in its absence the police lacked probable cause to arrest him; and
(5) Failing to make a motion that the evidence was insufficient to prove beyond a reasonable doubt that Martin committed the offenses;

13, 2005, the court denied the writ on the merits.[9]   <u>Martin v.</u>

_____

      (C) Trial and appellate counsel were ineffective for:
          (1) Failing to object at trial that Martin was denied a jury trial;
          (2) Failing to properly counsel Martin regarding his waiver of the jury trial;
          (3) Colluding with the Commonwealth's Attorney to convince Martin to proceed with a bench trial;
          (4) Failing to raise a claim of ineffective assistance of trial counsel on appeal regarding the denial of Martin's right to a jury trial; and
          (5) Failing to raise meritorious claims on appeal and failing to show that the two (2) procedurally barred claims raised on appeal met the exceptions to be considered on the merits;
      (D) Trial and appellate counsel were ineffective for:
          (1) Failing to have Martin evaluated for detention and diversion programs, and failing to raise this issue on appeal;
          (2) Failing to raise on appeal the discrepancy between the Circuit Court's verbal statement regarding sentencing and the final order; and
          (3) Failing to object to the sentencing order.
      Although the state court opinion referred to the claims by letters (A) through (D), for ease of reference throughout the instant report and recommendation, the Court has added numbers corresponding to the order in which the subclaims were addressed in the state court opinion.  Although Martin's claims on the state petition form were all categorized as ineffective assistance of counsel claims, the Supreme Court of Virginia construed the memorandum to include a general claim that the evidence was insufficient to support a verdict.  Because that claim was considered in conjunction with claim (B)(5), <u>supra</u>, the Court will refer to that substantive claim throughout this report and recommendation as claim (B)(6).

      [9]The Supreme Court of Virginia essentially held:
      (A)(1):  Appellate counsel was not ineffective because "[a]ppointed counsel need not raise every non-frivolous issue on appeal because the decision regarding what issues to present is left to the discretion of counsel."  (2):  Further, appellate counsel was not ineffective for not filing an <u>Anders</u> brief because such briefs are only required when counsel determines an appeal would be frivolous.
      (B)(1):  Trial counsel was not ineffective for failing to object to the Circuit Court's mid-trial conclusion that Martin sold narcotics because Martin failed to satisfy the <u>Strickland</u> prejudice prong.  (2): Trial counsel was not ineffective for not objecting to

<u>Director</u>, No. 042141 (Va. Apr. 13, 2005) ("<u>Martin IV</u>").

On July 20, 2005, while in the custody of the Virginia

---

the introduction of inadmissible hearsay because trial counsel did make a hearsay objection, and the Circuit Court did not rely on these statements for anything other than validating the officer's probable cause for arresting Martin.  (3): Trial counsel was not ineffective for failing to compel a subpoena for the potential witness because Martin failed to proffer what information that witness would have provided.  (4): Trial counsel was not ineffective for failing to raise the issue of the "marked money" because trial counsel did elicit through cross-examination of a witness that the police had not recovered the money.  (5): Trial counsel was not ineffective for failing to argue that the evidence was insufficient to support a conviction for selling narcotics because Martin was not charged with that offense.  (6): The claim that the evidence was insufficient to support the verdict was procedurally defaulted, in accordance with <u>Slayton v. Parrigan</u>, 215 Va. 27 (1974), <u>cert. denied</u>, 419 U.S. 1108 (1975), because it was not raised at trial or on direct appeal.

(C)(1): Trial counsel was not ineffective for not objecting to the bench trial because the record shows that Martin told the judge he wanted a bench trial.  (2): Trial counsel was not ineffective in counseling Martin regarding his waiver of the jury trial because the record shows Martin understood the questions during the Circuit Court's colloquy and Martin had no questions before waiving his right to a jury trial.  (3): Martin provided no proof of a collusion between defense counsel and the Commonwealth's Attorney regarding the bench trial.  (4): Appellate counsel was not ineffective for not raising a claim that trial counsel was ineffective because claims of ineffective assistance of counsel cannot be raised on direct appeal.  (5): Appellate counsel was not ineffective for failing to raise the unspecified "meritorious claims" on appeal because there was no showing that had he done so the outcome would have been different, and the Court of Appeals found that the record did not indicate a reason to invoke any of the exceptions to Va. Sup. Ct. R. 5A:18.

(D)(1): Neither counsel was ineffective regarding the detention and diversion programs because Martin was considered, and found ineligible for these programs.  (2): Appellate counsel was not ineffective for not raising the issue of the sentencing discrepancy on appeal because it was raised on appeal.  (3): Trial counsel was not ineffective for failing to object to the sentencing order because trial counsel did bring this issue to the Circuit Court's attention.

Department of Corrections at the Greensville Correctional Center,

Martin executed the instant federal petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 ("Federal Petition").[10]   The

_____

[10]This petition was not accompanied by either a request to
proceed in forma pauperis or the $5.00 filing fee. The petition
was postmarked July 26, 2005, was received by the United States
District Court for the Eastern District of Virginia, Richmond, on
July 28, 2005, and was conditionally filed with this Court on
August 2, 2005. On August 8, 2005, this Court requested Martin's
prisoner account report. This Court received that report on August
11, 2005. On August 17, 2005, the Court entered an Order ordering
Martin to remit the $5.00 filing fee within thirty (30) days of the
Order. The Court received the filing fee on September 9, 2005.

    The Court notes that the United States Supreme Court
promulgated certain amendments to the Rules Governing Section 2254
Cases in the United States District Courts, which became effective
on December 1, 2004. As amended, Rule 3(d) adopts the prison
mailbox rule with regard to § 2254 petitions. Accordingly, the
Court recognizes the prison mailbox rule for federal habeas
petitions. In this case, as there is no evidence in the record to
the contrary, the Court will assume that Martin delivered his
federal habeas petition for mailing on the date he signed it, July
20, 2005.

    Further, the Court considers Martin's petition as filed, for
statute of limitations purposes, on that date. A federal habeas
corpus petition is considered timely filed if it is deposited in
the prison mailing system prior to the running of the statute of
limitations, even if it does not comply with Rule 2 of the Rules
Governing Section 2254 Cases or it lacks the requisite filing fee
or in forma pauperis form. See Rule 3 2004 Advisory Committee's
Notes (recognizing that Rule 3 is silent as to the filing date of
a petition not submitted on the proper form or not accompanied by
the filing fee or a motion to proceed in forma pauperis, and
advising that the court clerk, in such instances, must "accept the
defective petition and require the petitioner to submit a corrected
petition.") See also Thompson v. Greene, 427 F.3d 263, 269 (4th
Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6
(2002) ("In the absence of a clear legislative mandate, the
Advisory Committee Notes provide a reliable source of insight into
the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076
(8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section
2254 Cases "is not dispositive" for purposes of establishing the
time of filing of a habeas petition); Harris v. Vaughn, 129 Fed.
Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing

Court conditionally filed this petition on August 2, 2005.  On September 9, 2005, the Court received Martin's $5.00 filing fee, and on September 20, 2005, the Court filed his petition.  On October 19, 2005, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting memorandum and a Notice of Motion Pursuant to Local Rule 7(J).[11]  On November 7, 2005, Martin filed Petitioner's Notice and Motion in Opposition of [sic] Respondent's Motion to Dismiss and Rule 5 Answer ("Martin's Response").[12]

---

for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

The Court notes that Martin numbered the pages of the memorandum attached to his federal petition form, beginning with "1."  Because many of the Court's references to Martin's petition refer to the memorandum, the Court will use the term, "Federal Petition," to refer to the memorandum, and the term, "Federal Petition Form," to refer to pages within the actual form.

[11]The Court notes that Respondent's Notice of Motion erroneously referred to the Local Rule 7(J), instead of Local Civil Rule 7(K), but the Notice complied with the requirements of Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975).  This included advising Martin that he had twenty (20) days in which to file a response to the Motion to Dismiss.

[12]This pleading was dated November 4, 2005, but was unsigned, and, therefore, was filed subject to defect.  On November 10, 2005, the Court entered an Order, requiring Martin to sign the pleading. The Court received and filed the signed pleading on November 18, 2005.  The Court notes that within this pleading, Martin requested both an evidentiary hearing and appointment of counsel, which the Court denies, infra.

## B. Grounds Alleged

Martin now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:[13]

(1)     The Circuit Court erred in concluding before all the evidence was admitted that Martin had sold narcotics to a confidential informant (Direct Appeal Claim (1));

(2)     The Circuit Court erred in relying on hearsay evidence to conclude that Martin had sold narcotics (Direct Appeal Claim (2));

(3)     The Circuit Court erred in sentencing Martin to two (2) consecutive terms of imprisonment of ten (10) years with six (6) years suspended for possession of cocaine with intent to distribute and for possession of heroin with intent to distribute (Direct Appeal Claim (3));

(4)     Trial counsel was ineffective:

(A)     For failing to preserve by contemporaneous objection the two (2) issues raised on appeal (State Habeas Claims (B)(1) and (2)):

---

[13]The Court notes that Martin stated on the petition form, as supporting facts for ground four that his attached memorandum presented a total of eight (8) grounds.  In the memorandum, however, Martin stopped numbering his claims after ground four.  As a result, Respondent attempted, in his Motion to Dismiss, to group and number the claims set forth in the memorandum as subclaims of ground four, while attempting to preserve the order in which Martin presented them.  Because subclaims of ineffective assistance of counsel regarding the trial and appellate counsel were intermixed in the memorandum, the Court has determined, in the interest of clarity, to segregate the allegations into trial claims and appellate claims.

The Court notes that the last page of the memorandum attached to the instant petition differed from that of the last page submitted to the Supreme Court of Virginia, see supra, note 8; the additional information on this page is an apparent attempt to respond to the Supreme Court of Virginia's dismissal of  claim (6) as procedurally defaulted by showing cause for Martin's failure to raise that claim on direct appeal.

> > (1)  that   the   Circuit   Court   erred   in
> > concluding  before  all  the  evidence  was
> > admitted  that  Martin  sold  drugs  to  a
> > confidential informant; and
> >
> > (2)  that the Circuit Court erred in relying
> > on  hearsay  evidence  to  conclude  that
> > Martin had sold narcotics;
>
> (B)  For  failing  to  move  the  Circuit  Court  to
> subpoena  or  disclose  the  name  and  address  of
> the  person  to  whom  Martin  allegedly  sold
> narcotics (State Habeas Claim (B)(3));
>
> (C)  For  not  arguing  that  there  was  no  probable
> cause   to   arrest   Martin   because   the
> Commonwealth  failed  to  produce  the  witness  to
> the  narcotics  sale  at  trial,  and  the  "marked
> money"  from  the  sale  was  not  found  on  Martin
> when  he  was  apprehended  (State  Habeas  Claim
> (B)(4));
>
> (D)  For  not  arguing  that  the  evidence  was
> insufficient  to  show  Martin  sold  narcotics
> (State Habeas Claim (B)(5));
>
> (E)  For  failing  to  preserve  Martin's  right  to  a
> jury  trial  (State  Habeas  Claims  (C)(1),  (2),
> and (3));
>
> (F)  For  failing  to  object  during  the  sentencing
> hearing  because  Martin  was  not  considered  for
> participation  in  detention  and  diversion
> programs (State Habeas Claim (D)(1)); and
>
> (G)  For  failing  to  timely  object  to  the  sentencing
> order (State Habeas Claim (D)(3));[14]

---

[14]Because  this  claim  relates  to  counsel's  actions  before  the
filing  of  the  appeal,  the  Court  has  grouped  it  with  the  other
allegations  involving  ineffectiveness  of  "trial  counsel."   The
Court  notes  that  for  this  claim,  Martin  alleges  that  "counsel"
(rather   than   "trial   counsel"   or   "appellate   counsel")   was
ineffective.  Based  on  Martin's  support  for  this  claim,  it  is  clear
that  he  is  alleging  that  Daugherty,  who  was  appointed  as  counsel
"for  appeal"  three  (3)  days  before  the  Circuit  Court  entered  the
sentencing  order,  see supra,  note  3,  was  the  "counsel"  for  this

(5)   Appellate counsel was ineffective:

  (A)   For only raising issues that were barred by
        Va. Sup. Ct. R. 5A:18 (State Habeas Claims
        (A)(1), (C)(5));

  (B)   For not filing an <u>Anders</u> brief so that the
        appellate court could review the entire trial
        record (State Habeas Claim (A)(2));

  (C)   For failing to argue denial of Martin's right
        to a jury trial (State Habeas Claim (C)(4));

  (D)   For failing to raise on appeal, that Martin
        was denied evaluation for detention and
        diversion programs (State Habeas Claim
        (D)(1)); and

  (E)   For failing to raise on appeal the sentencing
        discrepancy between the Circuit Court's
        statement in the transcript and the written
        order (State Habeas Claim (D)(2)); and

(6)   The evidence was insufficient to prove beyond a
      reasonable doubt that Martin had committed the
      offenses (State Habeas Claim (B)(6)).

## II. PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING
##     AND MOTION FOR APPOINTMENT OF COUNSEL

As a preliminary matter, the Court considers Martin's request
for an evidentiary hearing. <u>See</u> Martin's Response, at 1. The
Court has determined that an evidentiary hearing is not required,
as purely legal issues are presented and the record before the
Court adequately resolves the legal issues raised. <u>See</u> Rule 8 of
the Rules Governing Section 2254 Cases. Moreover, Martin has not

issue. All of Martin's other claims, which asserted "trial
counsel" was ineffective, relate to Shipley's representation, <u>see</u>
<u>supra</u>, note 1.

alleged any "exceptional circumstances" that would warrant appointment of counsel in this matter.  See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Griffin v. Virginia, 606 F. Supp. 941, 943 (E.D. Va. 1985), aff'd, 780 F.2d 1018 (4th Cir. 1985) (unpublished table decision).  Accordingly, the Court DENIES Martin's motion for an evidentiary hearing and DENIES Martin's motion for appointment of counsel.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that claims (1), (2), and (6) are exhausted, but procedurally defaulted before this Court, and will not be reviewed on the merits.  The Court further FINDS that Martin's remaining claims are exhausted, requiring review on the merits.[15]

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Martin's claims must be exhausted.  See 28 U.S.C.

---

[15]The Court notes that Respondent has not addressed whether Martin's petition was timely filed.  Martin's conviction did not become final until October 13, 2004, ninety (90) days after the denial of his appeal on July 15, 2004, by the Supreme Court of Virginia, and the date upon which the period for seeking direct review of his conviction by the United States Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Accordingly, Martin had one (1) year from that date, or until October 13, 2005, within which to file his petition with this Court, or be barred by the expiration of the statute of limitations.  28 U.S.C. § 2244(d)(1).  Because the instant petition was considered as filed on July 20, 2005, for statute of limitations purposes, it was timely filed in this Court.  Because the Court finds that Martin's petition was timely filed without accounting for any tolling, the Court declines to determine whether Martin was eligible for any tolling during the time his state habeas petition was pending.

§ 2264(a); 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court."  Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).  "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," Matthews, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review.  Clagett v. Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has conceded that Martin has exhausted all of his claims either because they were presented to the Supreme Court of Virginia on direct appeal or through the state habeas process, or because they were procedurally defaulted.  Brief in Support of

13

Motion to Dismiss and Rule 5 Answer, at 8 ("Respondent's Brief"). Respondent asserts, however, that because claims (1), (2), and (3) were procedurally defaulted in state court, they are procedurally barred from this Court's review. Id. at 9-10.

### 1.  Claims (1) and (2) (Direct Appeal Claims (1) and (2))

The Court first addresses Respondent's argument that the Supreme Court of Virginia's dismissal of Martin's appeal for procedural reasons bars this Court's review of claims (1) and (2). Respondent's Brief, at 9.  Respondent asserts that "[t]he Supreme Court of Virginia expressly cited [Va. Sup. Ct.] R[.] 5A:18 as the basis for its dismissal of Martin's claims [(1) and (2)] . . . [,and this rule] is an adequate and independent state law ground [barring federal review]." Id. at 8-9 (citing Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999)).  Although Respondent is correct that Va. Sup. Ct. 5A:18 has been held to be an "adequate and independent state procedural rule" barring this Court's review of the underlying claim, Byrd v. Johnson,  No. 2:05cv603, 2006 U.S. Dist. LEXIS 36703, at *9 (E.D. Va. May 19, 2006) (citation omitted), the Supreme Court of Virginia's opinion was actually a summary dismissal of the state appeal, which did not specifically cite Weeks.  Martin I, No. 040707, slip op. at 1 (Va. July 15, 2004).  Instead, it was the Court of Appeals' decision that cited Va. Sup. Ct. R. 5A:18 as the grounds for denying Martin's claims. Martin II, at *5-7.

14

Normally, when the Supreme Court of Virginia summarily refuses a petition for appeal, this Court "look[s] through" to the "last reasoned state-court judgment" on that claim.  <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991) ("[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, [there is a] presum[ption] that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").  Consequently, the Supreme Court of Virginia's summary dismissal of Martin's claims must be presumed to adopt the procedural default relied upon by the Court of Appeals in its dismissal of claims (1) and (2).  <u>See id.</u>  Ultimately, because the procedural default was based on an "adequate and independent state procedural rule," this Court finds that it is procedurally barred from considering claims (1) and (2) on the merits.

## 2.  Claim (3) (Direct Appeal Claim (3))

The Court next addresses Respondent's argument that claim (3) is procedurally defaulted.  Martin presented claim (3) to the Supreme Court of Virginia through the direct appeal process.  Respondent asserts that claim (3) is procedurally barred from this Court's review because Martin "never asserted that the alleged violation rose to a constitutional level," and because Martin's grounds for relief are based on an alleged error of state law, which cannot be the basis for federal habeas relief.  Respondent's Brief, at 10 (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995);

15

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  Respondent's reliance on Duncan appears misplaced.  In Duncan, the petitioner presented a claim in his state habeas petition that evidence was admitted in violation of state law, but then added in the federal habeas petition an allegation that the admission of the evidence also amounted to a denial of his due process rights.  Duncan, 513 U.S. 364-65.  In that case, the Supreme Court held that the claim was not exhausted because the federal due process portion of the claim was not fairly presented to the state court. Id. at 366.  In the instant petition, Martin relies on the same state law to support claim (3) that he presented to the Supreme Court of Virginia, so claim (3) was fairly presented to the Supreme Court of Virginia, rendering it exhausted, and warranting this Court's review of the claim on the merits.  See O'Sullivan, 526 U.S. at 844.

### 3.  Claim (6) (State Habeas Claim (B)(6))

With respect to claim (6), which asserts that the evidence was insufficient to support the verdict, the Court notes that Respondent referenced the Supreme Court of Virginia's consideration of this claim, as presented in the state habeas petition, as being procedurally barred by Slayton v. Parrigan, 215 Va. 27 (1974). Respondent's Brief, at 20 n.6. Respondent did not include this claim in his list summarizing the claims in the instant petition, id. at 3-5, nor did Respondent provide a recommendation to this

16

Court for the disposition of the claim.  The Court also notes that Martin appears to concede that the claim is procedurally defaulted under Slayton, but attempts to show cause for this Court to make a limited exception to that procedural default.  See Federal Petition, at 34.  The rule set forth in Slayton is a "valid state procedural rule" barring federal consideration of the claim on the merits.  Royal v. Taylor, 188 F.3d 239, 245 (4th Cir. 1999). Accordingly, this Court concludes that claim (6) is procedurally defaulted and Martin has not met his burden, see infra, section III.B, for the Court to make an exception.

Based on the foregoing, the Court FINDS that all of Martin's claims are exhausted, but the Court further FINDS that claims (1), (2), and (6) were procedurally defaulted under Virginia law and are therefore barred from this Court's review.

### B. Limited Exceptions to Procedural Default

Although Martin's claims (1), (2), and (6) are procedurally defaulted, he may still obtain review of these claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted.  Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)).  An absence of due diligence by the petitioner will defeat an assertion of cause.  See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

Respondent claims that Martin has failed to raise the issues of cause and prejudice or miscarriage of justice for claims (1) and (2), Respondent's Brief, at 9; however, the Court finds that Martin has explicitly claimed counsel was ineffective for not preserving these issues for, or properly raising them on, appeal.  Federal Petition, at 11-22 (claims (4)(A), (4)(B), and (5)(B)).  Further, Martin asserts ineffective assistance of counsel by trial counsel for failing to raise the issue at trial,[16] as cause for defaulting

---

[16]The Court notes that in attempting to show cause, Martin claims that in addition to trial counsel being ineffective for failing to preserve the issue at trial, appellate counsel was ineffective for failing to raise the issue on appeal.  The claim that appellate counsel was ineffective in failing to raise the issue for appeal was not fairly presented to the state court for

claim (6).   Federal Petition, at 34 (claim 4(D) and 5(A)).
Nevertheless, because this Court must apply the same standard of
review for ineffective-assistance-of-counsel claims raised as
"cause-for-default" as for those raised directly in a habeas
petition, Orbe v. True, 233 F. Supp. 2d 749, 759-60 (E.D. Va.
2002), the Court's dismissal of claims (4) and (5) on the merits,
infra, is dispositive of the issue of cause to consider claims (1)
(2), and (6) on the merits.   Consequently, Martin has failed to
justify an exception to procedural default for claims (1), (2), and
(6) based on cause.   The Court agrees with Respondent that Martin
has failed to make a showing for the "miscarriage of justice"
exception.

Accordingly, the Court FINDS that claims (1), (2), and (6)
raised in the instant petition are procedurally barred before this
Court, and recommends that these claims be DENIED.   Thus, this
Court will address only claims (3) through (5) on the merits.

## C. **Merits**

The Court now considers claims (3) through (5) on the merits.
A federal court may not grant relief on a habeas claim previously
adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal

---

consideration on the merits, so it cannot now be presented as cause
for the default.  See Edwards v. Carpenter, 529 U.S. 446, 451-52
(2000).

law, as determined by the Supreme Court of the
United States; or

(2) resulted in a decision that was based
on an unreasonable determination of the facts
in light of the evidence presented in the
State Court proceeding.

28 U.S.C. § 2254(d).  In drafting this statute, Congress "plainly

sought to ensure a level of 'deference to the determinations of

state courts,' provided those determinations did not conflict with

federal law or apply federal law in an unreasonable way." Williams

v. Taylor, 529 U.S. 362, 386 (2000).  See also Bell, 236 F.3d at

157 (recognizing that, for claims adjudicated on the merits by the

state court, the federal court "is limited by the deferential

standard of review set forth in § 2254(d), as interpreted by the

Supreme Court in Williams[].")  Consequently, "state-court

judgments must be upheld unless, after the closest examination of

the state-court judgment, a federal court is firmly convinced that

a federal constitutional right has been violated." Williams, 529

U.S. at 387.  Moreover, "[a] federal habeas court may not issue the

writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly

established federal law erroneously or incorrectly.  Rather, that

application must also be [objectively] unreasonable." Id. at 411.

In deference to the state court's decision, this Court may not

grant relief unless it determines that decision on the merits was

"legally or factually unreasonable."  See Bell, 236 F.3d at 163

20

(quoting <u>Aycox v. Lytle</u>, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## 1.  Claim (3) (Direct Appeal Claim (3))

The Court first addresses claim (3), whether the Circuit Court erred in sentencing Martin to two (2) consecutive sentences of ten (10) years of imprisonment, of which six (6) years were suspended. As with claims (1) and (2), this claim was summarily dismissed by the Supreme Court of Virginia. <u>Martin III</u>, at 1. Accordingly, this Court "looks-through" that decision to the Court of Appeals' adjudication. <u>See</u> <u>Ylst</u>, 505 at 803. Although the Court of Appeals stated it was denying the petition for appeal as to that claim, the Court of Appeals provided its reasoning for that denial. <u>Martin I</u>, at 2. Specifically, the court held that when there is an apparent conflict between an order and the transcript of related proceedings, the order is presumed to accurately reflect what transpired. <u>Id.</u> As stated by Respondent, Martin has failed to provide any federal law in support of this claim, Respondent's Brief, at 10, and relies solely on state law, specifically the holding of <u>Moore v. Commonwealth</u>, 207 Va. 838, 843 (1967) (holding that the trial court's failure to specify the amount of the two (2) year sentence applied to each of two (2) separate counts should be interpreted as a two (2) year sentence for each count, intended to run concurrently). This Court cannot consider federal habeas claims that rely solely on allegations that the state court misapplied state law. <u>Estelle</u>, 502 U.S. at 67-68.

21

Consequently, Martin has failed to show that the Court of Appeals' denial of claim (3) was factually or legally unreasonable. As such, this Court RECOMMENDS that claim (3) be denied.

## 2. Ineffective Assistance of Counsel Standard

The remainder of Martin's claims that survive procedural default assert ineffective assistance of counsel. The controlling standard for such claims, which Martin has cited in support of claims (4) and (5), is set forth in Strickland v. Washington, 466 U.S. 668 (1984). As such, to grant Martin relief on these claims, this Court must find that the state court's dismissal of such claims involved an unreasonable application of Strickland. Under Strickland, the state court was required to subject Martin's claims to a two-prong test in which the petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Martin's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different, id. at 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve

the quality of legal representation." Id. at 689.  The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.  In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances.  Id. at 690-91; Kimmelman, 477 U.S. at 381.  Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard.  To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693.  Rather, the petitioner must

demonstrate "a reasonable probability[17] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry.  Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order.  Strickland, 466 U.S. at 697.  The court need not even address both prongs if the petitioner fails to make a sufficient showing on one.   Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim.   See id.

### 3.  Claim 4(A) (State Habeas Claims (B)(1) and (2))

In claim 4(A), Martin asserts that trial counsel was ineffective for failing to preserve by contemporaneous objection the two (2) issues considered on appeal.  Federal Petition, at 17-22.  These issues are: claim 4(A)(1), that the Circuit Court erred in concluding before all the evidence was admitted that Martin had sold narcotics to a confidential informant, and claim 4(A)(2), that the Circuit Court erred in relying on hearsay evidence to conclude that Martin had sold narcotics.  Id. at 18-19.

---

[17]The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In order to address Martin's two (2) claims, a review of the facts of the case is necessary.  According to the record, an undercover officer stopped a woman on the street,[18] and he asked her where he could get "20," apparently meaning $20 worth of heroin. Transcript, <u>Commonwealth v. Martin</u>, No. CR02003153, at 17 (Va. Cir. Ct. Dec. 2, 2002) ("Transcript").  The unidentified witness got into the undercover officer's unmarked car and directed him to the 1200 block of Maltby Avenue, Norfolk, Virginia.  <u>Id.</u>  After the undercover officer gave the unidentified witness two (2) "prerecorded" $10 bills, the unidentified witness approached another vehicle and, was observed to purchase, through the vehicle's window, two (2) capsules of heroin, using the two (2) $10 bills.  <u>Id.</u>  Following the sale, the unidentified witness returned to the officer's car and they drove away.  <u>Id.</u> at 18.  After driving several blocks, the officer was stopped by his "arrest team," who arrested the unidentified witness, and obtained a description from her of the seller of the heroin.  <u>Id.</u> at 18-19. This description was consistent with the undercover officer's perception of the seller as having a dark complexion, and wearing a light-colored shirt and black cap.  <u>Id.</u> at 17-18.  The undercover officer and three (3) members of his arrest team drove back to the

---

[18]This person was never identified in the court record and has been referred to by various terms in the transcript and court filings, including "confidential informant."  For consistency, the Court will use the term "unidentified witness" throughout this report.

location of the sale and found Martin standing outside his vehicle, which they determined matched that of the heroin seller's vehicle. <u>Id.</u> at 19-21.  The officers further determined that Martin matched both the unidentified witness's description of the seller, and the undercover officer's description.  <u>Id.</u> at 20.

The unidentified witness who made the purchase of the two (2) heroin capsules did not testify at trial, so defense counsel challenged the admission of her description of Martin as hearsay.[19] <u>Id.</u> at 19.  The Circuit Court allowed the description into evidence, not for the truth of the matter asserted, but for the limited purpose of showing the police's "probable cause," for approaching Martin, who matched that description.  <u>Id.</u> at 19.

According to trial testimony, as the police approached Martin, he fled on foot.  <u>Id.</u> at 22.  Two of the officers ran after Martin, and both witnessed Martin throwing an object into a trash barrel. <u>Id.</u> at 22, 90-91.  Martin was stopped by the police and taken into custody.  <u>Id.</u> at 92.  The police also recovered the object Martin was seen to throw into the trash barrel, which was a bag containing

---

[19]The Court notes that it is only the statements of the unidentified witness that would appear to constitute hearsay, because she did not testify at trial.  Because the undercover officer did testify at trial, all of his statements about what he directly witnessed were admissible for their truth.  Whether such testimony was more prejudicial than probative, was not an issue "fairly presented" to the state court, and this Court consequently disregards, as procedurally defaulted, any attempts by Martin to raise this as a new claim in his response to Respondent's Motion to Dismiss.

cocaine and heroin. Id. at 23-24. Martin was charged with possession of the narcotics in that bag, with intent to distribute them; however, Martin was not charged with the initial sale of the two (2) capsules of heroin to the unidentified witness. Because Martin had been parked within 1000 feet of two (2) schools at the time the police approached him, Transcript, at 93, Martin was also charged with possession of both heroin and cocaine with intent to sell within 1000 feet of school property.

As part of its case in chief, the Commonwealth proffered one (1) of the officers who arrested Martin as an expert on what quantity of drugs constitutes "personal use,"[20] and what quantity would tend to show an "intent to distribute." Transcript, at 40-47. Defense counsel challenged the qualifications of this witness. Transcript, at 44, 54. In response, the trial judge asked, "[W]hy are we spending this much time on that issue when the evidence so far is this officer -- this investigator saw Mr. Shipley's client selling drugs out of that bag?" Transcript, at 55. Martin asserts as claim 4(A)(1) that defense counsel should have objected to this question because it showed that the judge had "conclude[d] that [Martin] was the person who sold drugs." Federal Petition Form, at 5.

---

[20]The Court notes that following this proffer, the Circuit Court determined, over the objection of defense counsel, that the officer did qualify as an expert for this express purpose. Transcript, at 54.

This claim was properly presented to the Supreme Court of Virginia, which determined that "[w]hile the trial court's comments occurred part-way through the Commonwealth's evidence, the trial court found at the end of trial that the evidence was sufficient to prove that petitioner was guilty beyond a reasonable doubt on all the charges." Martin IV, at 3. Consequently, the Supreme Court of Virginia concluded that Martin failed to satisfy the "prejudice" prong of Strickland. Id. at 2-3.

Martin asserts as claim 4(A)(2) that counsel should have objected to the admission of the unidentified witness's hearsay statements. The arresting officer testified that he approached Martin because he fit the description provided by the unidentified witness, who did not testify at trial, and the Circuit Court specifically ruled that those statements, though hearsay, could be admitted for the limited purpose of showing why the police chose to approach Martin. Transcript, at 19. Martin asserts that the Circuit Court later misused the statements as evidence in support of its finding that Martin was guilty of the possession with intent to distribute charges. Federal Petition, at 18.

This claim was properly presented to the Supreme Court of Virginia, which held that Martin had satisfied neither the "performance" nor the "prejudice" prong of Strickland. Specifically, the court determined:

> The trial court stated that it relied on the
> investigator's own eye-witness account of the

> transaction between the woman and [Martin],
> and not on the woman's description to the
> investigator, to conclude that [Martin] had
> sold the drugs.   Nothing in the record
> indicates that the trial court considered the
> statements for any purpose other than [for]
> establishing probable cause.

Martin IV, at 4.

Martin has failed to show that the Supreme Court of Virginia misapplied Strickland.   In direct support of both subclaims, 4(A)(1) and 4(A)(2), he states that these were "nonfrivolous claims that had potential to reverse [Martin]'s convictions at trial, or on appeal," and "claims of merit with substantial probabilty [sic] to reverse [Martin]'s convictions," but his petition provides no justification for these conclusory statements.   Federal Petition, at 19.   Additionally, Martin apparently concedes that "[c]ounsel did not know that the trial court was inappropriately considering the [unidentified witness's] hearsay statements about the description of the dealer as substantive evidence," id. at 19, and he does not explain how defense counsel would have grounds to object to an issue about which he had no knowledge.

As additional support for claim (4)(A)(2), Martin alleges that admission of the hearsay evidence violated his right to be confronted by the witnesses against him.   Martin's Response, at 2. Specifically, Martin asserts the Court relied on the hearsay evidence to "determine [his] guilt," Federal Petition, at 10, and that "the whole case" against him was based on "inadmissible

hearsay."   <u>Id.</u> at 21; Martin's Response, at 11.   The Court construes this as an assertion that the state court unreasonably determined the facts in assessing this claim of ineffective assistance of counsel; however, this claim is not supported by the trial transcript.   Martin was found guilty of possession of cocaine and heroin because two (2) police officers testified they saw him throw away a bag containing these substances.   Transcript, at 22, 90-91.   The bag was recovered by police, the substances were tested by a lab, and the certificates of analysis were entered as evidence.   Commonwealth's Exhibit #6. One of the police officers provided expert testimony, <u>see supra</u>, note 20, that the amount of the substances was consistent with an intent to distribute. Transcript, at 40-54.   As such, even assuming the Circuit Court imprudently considered the hearsay information as corroborating Martin's intent to distribute the drugs, because it showed Martin had already distributed drugs through sale to the unidentified witness, <u>see</u> Respondent's Brief, at 17 n.5, Martin has not demonstrated, despite repeatedly claiming that introduction of this evidence was "highly" prejudicial to his case, Martin's Response, at 4, 6, that the remainder of the evidence against him was insufficient to find him guilty beyond a reasonable doubt.

Martin also attempts to support this claim by citing several cases.   First, he asserts that the admission was contrary to the holding of <u>Fuller v. Commonwealth</u>, 201 Va. 724 (1960), and did not

"satisf[y] a valid exception to the general prohibition against hearsay evidence." Martin's Response, at 4, 7. <u>Fuller</u> held that witness hearsay statements are admissible for the purpose of showing that an arresting officer's determination of probable cause based on those statements was reasonable. <u>Fuller</u>, 201 Va at 730. The unidentified witness's hearsay statements in Martin's case were used for a similar purpose, to show why the police initially approached him. <u>Fuller</u> is, therefore, unavailing.

Martin then cites <u>United States v. Lovelace</u>, 123 F.3d 650 (7th Cir. 1997), for the proposition that the hearsay evidence should not have been admitted because of its prejudicial impact. Martin's Response, at 9. In <u>Lovelace</u>, the court addressed whether the prejudicial impact of admitting a "tip" that the defendant was engaging in illegal activity outweighed its relevancy. <u>Lovelace</u>, 123 F.3d at 653. The "tip" had been admitted to show why two (2) white officers stopped the black defendant, allegedly so that the jury would not construe the stop as resulting from racial bias. <u>Id.</u> The <u>Lovelace</u> court held that because during pretrial motions the defendant denied any intent to "make race a point of contention," the prejudicial impact of the "tip" outweighed its relevancy. <u>Id.</u> Martin did not make a similar stipulation that he would not attempt to challenge the police officer's reason for approaching him. <u>Id.</u> Additionally, because Martin asserts the police lacked probable cause to arrest him, <u>see infra</u>, section

III.C.4, (claim 4(C)), it was not unreasonable for the police to provide justification at trial for their initial contact with Martin.   Further, just as the <u>Lovelace</u> court found that the admission of the "tip" was "harmless," because there was sufficient evidence to support the verdict, <u>Lovelace</u>, 123 F.3d at 654, this Court finds that admission of the unidentified witness's statements had little impact on the verdict.   Martin has not challenged the admission of the undercover officer's statements regarding the drug buy; the hearsay evidence that was admitted merely provided a more detailed description of the person who had allegedly sold the drugs.

Another case cited by Martin, <u>United States v. Moncillas</u>,[21] 580 F.2d 1301 (7th Cir. 1978), sets forth similar reasoning regarding the admission of "tips" through hearsay exceptions, and produced the same result as <u>Lovelace</u>, that the "tip" was improperly admitted, but was "harmless."   Additionally, Martin cites <u>United States v. Lane</u>, 474 U.S. 438 (1986), an improper joinder case, apparently for the proposition that courts must reverse cases in which the constitutional error is not "harmless."   See <u>Lane</u>, 474 U.S. at 445.   Because this Court finds that any error in admitting

---

[21]The Court notes that both <u>Lovelace</u> and <u>Moncillas</u> deal with interpretations of federal evidentiary rules that were not applicable to Martin's conviction in state court; however, because the hearsay principles discussed in these cases are designed to implement the witness confrontation guarantees of the Sixth Amendment, the Court provides the instant review on the merits out of an abundance of caution.

the hearsay was harmless, <u>Lane</u> is equally applicable to bar reversal.  <u>Id.</u>

Consequently, Martin has not demonstrated that the Supreme Court of Virginia's denial of claim 4(A) was legally or factually unreasonable.  As such, this Court RECOMMENDS that claim 4(A) be denied.

### 4.  Claim 4(B) (State Habeas Claim (B)(3))

In claim 4(B), Martin asserts that counsel was ineffective for failing to move the Circuit Court to subpoena or disclose the name and address of the unidentified woman to whom Martin allegedly sold narcotics.  Federal Petition, at 20.  The Supreme Court of Virginia held that Martin had satisfied neither the "performance" nor the "prejudice" prong of <u>Strickland</u> for this claim because he had not "identif[ied] the potential witness or proffer[ed] what information the woman could have provided."  <u>Martin IV</u>, at 4.  Based on this conclusion, it appears that the Supreme Court of Virginia misunderstood Martin's claim.  Clearly, if Martin's counsel had in fact been unable to obtain the unidentified witness's name from the Commonwealth, Federal Petition, at 20, he certainly could not identify that person in his petition.  Additionally, although Martin did not specifically state the information the unidentified witness would have provided, it appears plain that he hoped she would testify that he was not the seller of the drugs, or in the alternative, that he would have the opportunity to discredit or

impeach her testimony.  Consequently, this Court concludes that this claim was not squarely addressed by the state court.

Therefore, this Court must conduct its own de novo review of the controlling facts and applicable law on this issue.  See Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999) (where a claim properly presented to a state court was not adjudicated on the merits, the standard of review is de novo review of questions of law and mixed questions of law and fact, instead of the deferential review prescribed in § 2254(d)); Coleman v. Johnson, No. 2:04cv724, 2005 U.S. Dist. LEXIS 33709, at *30 (E.D. Va. Sept. 6, 2005).  In making this de novo review, this Court agrees with the Supreme Court of Virginia that neither prong of Strickland has been satisfied.  Because the Circuit Court could find Martin guilty of possession with intent to distribute based solely on the direct and expert testimony of the police and on the certificates of analysis, see supra, section III.C.2, Martin has not shown how the outcome of his case would have been different even if the unidentified witness had been subpoenaed to testify, and even if she had testified that Martin had not sold her drugs.  Therefore, Martin has not satisfied the Strickland prejudice prong.  Further, Martin has not shown that defense counsel's failure to subpoena the unidentified witness who allegedly purchased the drugs from Martin could not have been deliberate trial strategy.  It would be reasonable for defense counsel to avoid the risk that the unidentified witness would

34

further confirm Martin's identity as the seller of the drugs. Based on the foregoing, therefore, this Court RECOMMENDS that claim 4(B) be denied.

### 5. Claim 4(C) (State Habeas Claim (B)(4))

In claim 4(C), Martin asserts that counsel was ineffective for failing to argue that there was no probable cause to arrest Martin because the Commonwealth failed to produce the witness to the narcotics sale at trial, and because the "marked money" for the sale was not found on Martin when he was apprehended. Federal Petition, at 8. In its opinion, the Supreme Court of Virginia stated the claim was without merit because defense "counsel cross-examined a witness about the fact that the marked money was never recovered by the police." Martin IV, at 5. Although this Court agrees with that conclusion, the Court notes that the Supreme Court of Virginia did not address the remainder of Martin's claim regarding whether the police had probable cause to arrest him in light of the fact that they did not recover the marked money. Consequently, this Court concludes that this claim was not squarely addressed by the state court, so this Court must conduct its own de novo review of the controlling facts and applicable law on this issue. See Weeks, 176 F.3d at 258; Coleman, No. 2:04cv724, 2005 U.S. Dist. LEXIS 33709, at *30 (E.D. Va. Sept. 6, 2005).

Martin asserts that the police did not have probable cause to arrest him for the sale of narcotics. The Court finds it

unnecessary to consider whether the police had probable cause to arrest Martin for the sale of narcotics, because by the time Martin was apprehended, the police did have probable cause to arrest him for possession of narcotics.  Indeed, the Court notes that Martin was only convicted on the possession charges, and was not even charged with the sale of the initial two (2) heroin capsules.  Two (2) officers witnessed him throw away an object, which upon retrieval was determined to be a bag containing narcotics. Transcript, at 22-24, 90-91.  These narcotics provided sufficient probable cause for the police to arrest Martin for possession.  As a result, there was no reasonable basis for defense counsel to assert lack of probable cause for Martin's arrest.  Consequently, Martin has failed to satisfy either prong of Strickland.  Based on the foregoing, this Court RECOMMENDS that claim 4(C) be denied.

### 6.  Claim 4(D) (State Habeas Claim (B)(5))

In claim 4(D), Martin asserts that counsel was ineffective for failing to argue that the evidence was insufficient to show Martin sold narcotics.  Federal Petition, at 20; Martin's Response, at 5. The Supreme Court of Virginia found that this claim was without merit because Martin was not charged with selling narcotics. Martin IV, at 5.  Martin has failed to provide any federal law, other than Strickland, to challenge the state court's result. Martin does appear, however, to argue that the state court's fact finding was unreasonable, by pointing to the "unknown lady" who

allegedly purchased the narcotics, as well as the failure of the police to recover from Martin the "marked money" that was allegedly used to purchase the narcotics. Federal Petition, at 20-21. These facts are insufficient to make the state court's decision unreasonable, because they only relate to the issue of whether there was sufficient evidence to prove Martin sold narcotics, and Martin was not charged with that offense.

The Court notes that in the federal petition and all prior filings, Martin's assertions of insufficient evidence appeared to address only the elements of "possession" and "intent to distribute," and not the additional element of his third and fourth charges, that he was "within 1000 feet of a school."  In his response to Respondent's Motion to Dismiss, Martin for the first time alleges that he "begged" his trial counsel to "raise and preserve" a claim of insufficient evidence that he "sold drugs 1000 feet within the domain of a school." Martin's Response, at 11.  As stated <u>supra</u>, Martin was not tried for or convicted of any charges involving the sale of narcotics.  Further, even if the Court construes this as a claim that defense counsel should have challenged the evidence presented at trial, that Martin was within 1000 feet of two (2) schools when he was first approached by the police, Martin has made no showing that any such testimony was erroneous.

Further, Martin asserts in his response to Respondent's Motion

to Dismiss that the Commonwealth's Attorney needed to prove "constructive possession" of the narcotics, but failed to do so. Martin's Response, at 5.  Martin's assertion that the Commonwealth needed to prove "constructive possession" is incorrect; the Commonwealth's Attorney provided testimony by two (2) officers to show <u>actual</u> possession. Transcript, at 22-24; 90-91.  Having shown actual possession, therefore, it was only the "with intent to distribute" portion of the charges that remained to be proved by circumstantial evidence, and in the instant petition, Martin has not challenged the expert testimony provided for that element.  <u>See</u> <u>supra</u>, note 20.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 4(D).  As such, this Court RECOMMENDS that claim 4(D) be denied.

### 7.   Claim 4(E) (State Habeas Claims (C)(1), (2), and (3))

In claim 4(E), Martin asserts that counsel was ineffective for failing to preserve Martin's right to a jury trial because Martin's waiver of his jury trial was not knowingly, voluntarily, and intelligently made.  Federal Petition, at 23-27.  The Supreme Court of Virginia construed the support for this claim as three (3) separate subclaims: (1) that trial counsel failed to object at trial that Martin was denied his right to a jury trial; (2) that

trial counsel failed to properly counsel Martin regarding his waiver of the jury trial; and (3) that trial counsel colluded with the Commonwealth's Attorney to convince Martin to proceed with a bench trial. Martin IV, at 5-7. The Supreme Court of Virginia found Martin's first subclaim that defense counsel "failed to object that [Martin] was denied a jury trial" was without merit because the record showed Martin was asked if he wanted a jury trial and Martin waived that right. Martin IV, at 5-6. The Supreme Court of Virginia held that Martin's second subclaim that defense counsel was ineffective because Martin's waiver was not "intelligently, knowingly, or voluntarily made" did not satisfy either prong of Strickland. Id. at 6. Specifically, the court pointed to the questions the trial court asked in the colloquy preceding Martin's waiver and to the fact that Martin raised no questions prior to waiving his right to a jury trial. Id. Finally, the Supreme Court of Virginia found there was no evidence of collusion, to support Martin's third subclaim. Martin IV, at 6-7.

The majority of the case law Martin provides in support of this claim is based on state law. As stated, supra, this Court cannot consider federal habeas claims that rely solely on allegations that the state court misapplied state law. Estelle, 502 U.S. at 67-68. Martin does, however, cite two (2) federal cases as additional support, Singer v. United States, 380 U.S. 24,

39

34 (1965), and Adams v. United States, 317 U.S. 269, 277-278 (1992).  In Singer, the United States Supreme Court held that there is no constitutional right to a bench trial.  Singer, 380 U.S. at 34.  In Adams, the United States Supreme Court determined that a pro se defendant could meet the requirements of knowingly and intelligently waiving a jury trial; in other words, a defendant does not have be advised by counsel in order to meet the requirements to waive the right to a jury trial.  Adams, at 278. There is no inconsistency between the law set forth in these cases and the Supreme Court of Virginia's reasoning in dismissing Martin's claim 4(E).  Consequently, Martin has failed to show that the Supreme Court of Virginia unreasonably applied federal law in dismissing this claim.

In an apparent attempt to show the Supreme Court of Virginia unreasonably determined the facts based on evidence, Martin asserts that the Commonwealth's Attorney and defense counsel must have "collusively waived [Martin]'s Sixth Amendment right to a trial by jury," because when Martin arrived at court for trial, there was no jury present.  Federal Petition, at 25-26.  Martin has provided no additional evidence to challenge the reasonableness of the state court's finding that no collusion was evident.  Further, even assuming, arguendo, that there was collusion between defense counsel and the Commonwealth's Attorney to force Martin to accept a bench trial, Martin has not shown why he did not raise this issue

during the colloquy with the Circuit Court when he waived his right to a jury trial. Additionally, Martin has not satisfied the Strickland prejudice prong, because he claims defense counsel advised him that a jury would be likely to sentence him to ten (10) years to life, and his actual sentence of twenty-four (24) years, of which sixteen (16) years were suspended, is much less than the maximum sentence defense counsel allegedly forecast.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 4(E). As such, this Court RECOMMENDS that claim 4(E) be denied.

### 8. Claim 4(F) (State Habeas Claim (D)(1))

In claim 4(F), Martin asserts that counsel was ineffective for failing to object during the sentencing hearing because Martin was not considered for participation in detention and diversion programs. Federal Petition, at 28-33. The Supreme Court of Virginia held that this claim was without merit because the transcript from the sentencing hearing demonstrated that Martin was considered for, but found ineligible to participate in, such programs. Martin IV, at 8. In the instant petition, Martin asserts that if defense counsel had not prevented him from raising the issue during sentencing, he would have been found eligible for the programs, Federal Petition, at 30, but the petition fails to

41

address defense counsel's statements to the contrary in the transcript regarding Martin's ineligibility due to his prior conviction.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 4(F).  As such, this Court RECOMMENDS that claim 4(F) be denied.

### 9. Claim 4(G) (State Habeas Claim (D)(3))

In claim 4(G), Martin asserts that counsel was ineffective for failing to timely object to the sentencing order.  Federal Petition, at 31-33.  The Supreme Court of Virginia found that this claim was without merit because counsel wrote a letter bringing the issue to the Circuit Court's attention,[22] which led that court to respond that the sentencing order was correct.  Martin IV, at 9.

For this claim, Martin asserts that state law requires sentencing discrepancies to be raised within twenty-one (21) days of the order, and implies that counsel failed to meet these time lines in addressing the discrepancy.  Federal Petition, at 32. This Court finds that this discrepancy was timely raised to the state court, and was addressed on the merits.  Martin is simply

---

[22]The Court notes that in this opinion, the Supreme Court of Virginia discussed "trial counsel's" actions.  As stated, supra note 14, this allegation actually dealt with actions by Daugherty, who was appointed as appellate counsel, but the actions addressed by the claim did occur between sentencing and appeal.

dissatisfied that the Circuit Court's April 11, 2003, sentencing order essentially doubled the sentence that Martin understood he had received on April 4, 2003.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 4(G).  As such, this Court RECOMMENDS that claim 4(G) be denied.

**10.  Claim 5(A) (State Habeas Claims (A)(1) and (C)(5))**

In claim 5(A), Martin asserts that appellate counsel was ineffective for only raising claims that were barred by Va. Sup. Ct. R. 5A:18.  Federal Petition, at 11-14, 16.  The Court considers Martin's assertions, expressed later in the petition that appellate counsel "failed to raise a meritorious argument on appeal," and suggesting appellate counsel should have asserted the "ends of justice" and "miscarriage of justice" exceptions to the Va. Sup. Ct. R. 5A:18 procedural bar, as encompassed by claim 5(A).  Id. at 26-27.  The Supreme Court of Virginia found that Martin failed to satisfy either prong of Strickland for this claim.  Martin IV, at 2, 8.  Specifically, the court determined that "counsel need not raise every non-frivolous issue on appeal because the decision regarding what issues to present is left to the discretion of counsel," id. (citing Jones v. Barnes, 463 U.S. 745 (1983)), and Martin "failed to articulate the existence of any issues that would

43

have changed the outcome of [his] appeal." Id.  Further, Martin
"fail[ed] to state what 'meritorious argument' appellate counsel
should have raised on appeal,"[23] and "the Court of Appeals found
that the record did not indicate a reason to invoke any of the
exceptions to [Va. Sup. Ct.] R[]. 5A:18." Id. at 8.

In response, Martin cites Evitts v. Lucey, 469 U.S. 387
(1985), for the proposition that he is entitled to a new appeal
because counsel failed to comply with "mechanistic court rules[,
which] led to dismissal of [the] first appeal." Federal Petition,
at 16.  In Evitts, defense counsel failed to comply with state
filing rules so the appellate court declined to consider the
substance of the appeal.  Evitts, 469 U.S. at 389.  Consequently,
that defendant was able to argue that defense counsel's error
denied him his right to appeal.  Id. at 390.  In Martin's case, by
comparison, defense counsel apparently complied with the state
court filing rules for all appellate pleadings, because the Court
of Appeals considered the substance of those pleadings, but the
court found there was no justification in the record to make an

---

[23]The Court notes that Martin did claim that appellate counsel
was ineffective for not challenging the denial of Martin's right to
a jury trial and for not addressing an apparent inconsistency
between the sentencing hearing transcript and the sentencing order
on appeal (claims 5(C) and 5(E), supra).  Federal Petition, at 22-
33.  The Court construes any potential inconsistency between the
state court's finding, that Martin failed to state any "meritorious
argument" for appeal, and Martin's inclusion of these two (2) other
claims in his petition, as having been suitably explained by the
state court's conclusion that the other claims were "without
merit."  Martin IV, at 8-9.

exception to its contemporaneous-objection rule.  <u>Martin II</u>, at \*6-7.  Martin's claim that appellate counsel failed to "perfect" his appeal, <u>see</u> Federal Petition, at 16, therefore, is misplaced because the appeal was not dismissed for failure to comply with court filing requirements.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 5(A).  As such, this Court RECOMMENDS that claim 5(A) be denied.

### 11.  Claim 5(B) (State Habeas Claim (A)(2))

In claim 5(B), Martin asserts that appellate counsel was ineffective for failing to file an <u>Anders</u> brief,[24] so that the appellate court could review Martin's entire trial record.  Federal Petition, at 14-16.  The Supreme Court of Virginia found that this claim was without merit because "<u>Anders</u> brief[s] [are] required to be filed only when counsel determines an appeal would be frivolous and seeks to withdraw[, and s]uch a situation did not occur in [Martin]'s case."  <u>Martin IV</u>, at 2.

Martin apparently suggests that because the two (2) claims

---

[24]In <u>Anders v. California</u>, 386 U.S. 738 (1967), the United States Supreme Court held that, if after advice of counsel, a defendant wants to file an appeal that counsel considers to be "wholly frivolous," counsel must file said appeal and request permission to withdraw as counsel.  <u>Anders</u>, 386 U.S. at 744. Briefs completed in accordance with these requirements are referred to as <u>Anders</u> briefs.

considered on appeal were denied on procedural grounds,[25] they qualified as "frivolous," warranting counsel's compliance with the Anders procedures.  Federal Petition, at 14.  Martin appears to have misunderstood the import of Anders, supra.  Additionally, Martin cites several federal cases in support of this claim.  Id. at 14-16.

First, Martin cites Anders itself for the proposition that defense counsel must file a brief "referring to anything in the record that might arguably support the appeal," in conjunction with a motion to withdraw.  Id. (citing Anders, 386 U.S. at 744).  As stated by the Supreme Court of Virginia, however, such briefs are only required to preserve an indigent defendant's right to appeal in cases where "counsel is convinced, after conscientious investigation, that the appeal is frivolous."  Anders, 386 at 741; accord, Martin IV, at 2.  This requirement obviously was not met in Martin's case because defense counsel submitted a petition containing three (3) issues for consideration on appeal, two (2) of which the were accepted for consideration by the Court of Appeals. Martin I, at 1-2.

Next, Martin points to Penson v. Ohio, 488 U.S. 75 (1988), for

_____

[25]The Court notes that Martin claims his counsel raised only two (2) issues on appeal.  As discussed, supra, however, three (3) issues were included in the initial petition to the Court of Appeals, which declined to consider one (1) issue.  All three (3) issues were included in the subsequent appeal to the Supreme Court of Virginia.

the proposition that defense counsel's failure to file an Anders brief "deprived the [C]ourt [of Appeals] of the chance to search the record to determine whether or not [Martin] had legitimate claims." Federal Petition, at 14-15 (citing Penson, 488 U.S. at 81-82). Although Martin is correct that upon receipt of an Anders brief, a court is required to conduct its own review of the record to ensure that "counsel's evaluation of the case [i]s sound," Penson, 488 U.S. at 82-83, this requirement is not relevant to Martin's case, which, as stated supra, did not rise to the level required to demand the filing of an Anders brief.

Martin's citation of Penson was accompanied by the citation of a state case, Kuzminski v. Commonwealth, 8 Va. App. 106 (1989). Federal Petition, at 14. In Kuzminski, the state court followed Anders to grant counsel's motion to dismiss and to find that the defendant's appeal was "wholly frivolous." Kuzminski, 8 Va. App. at 108. There is nothing in Kuzminiski that appears to lend support to Martin's claim, much less any reasoning that augments or amplifies the federal law set forth in Anders.

Martin also references two (2) cases that evaluated other states' procedures for compliance with the requirements set forth in Anders. Federal Petition at 15-16 (citing McCoy v. Court of Appeals, 486 U.S. 429, 442 (1988); Smith v. Robbins, 528 U.S. 259 (2000)). Because Martin's appellate counsel submitted issues for appeal and did not attempt to withdrawal under the provisions of

47

Anders, neither of these cases is relevant to Martin's claim.

Finally, Martin appears to assert that he had a right to have his appeal declared frivolous or to have appellate counsel directed to file an amended appeal. Federal Petition, at 15. Even ignoring Martin's reliance on state procedures for this assertion, it is unclear how Martin would have been better served by having his appeal declared "frivolous" rather than having the Court of Appeals consider two (2) of the claims raised by counsel. Additionally, Martin fails to provide any claims that the Court of Appeals would have identified for such an amended petition if that court had been given the opportunity to review the entire record.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 5(B). As such, this Court RECOMMENDS that claim 5(B) be denied.

### 12.  Claim 5(C) (State Habeas Claim (C)(4))

In claim 5(C), Martin asserts that appellate counsel was ineffective for failing to raise the denial of Martin's right to a jury trial on appeal. Federal Petition, at 22, 28. The Supreme Court of Virginia found that Martin failed to satisfy either prong of Strickland for this claim. Martin IV, at 2, 8. It appears that the Supreme Court of Virginia construed Martin to argue that appellate counsel should have raised a claim on appeal that trial

48

counsel was ineffective, rather than arguing that appellate counsel should have raised a claim of denial of jury trial on appeal.  <u>See id.</u>  The Court notes, however, that even though the Supreme Court of Virginia stated that ineffective-assistance-of-counsel claims cannot be raised on appeal, the court also addressed the more general issue of whether appellate counsel was ineffective for not raising every meritorious claim on appeal.  <u>Martin IV</u>, at 7.  As a result, the Court finds that the Supreme Court of Virginia did address the merits of this claim, thus this Court can review this claim under the prescribed deferential standard.

Martin asserts that even though this issue was not preserved at trial, the appellate court would have considered it under the "ends of justice" exception to Virginia's contemporaneous-objection bar.  Federal Petition, at 28.  In support of this assertion, Martin cites <u>Arizona v. Fulminante</u>, 499 U.S. 279 (1991).  That case considered whether the admission of a coerced confession was subject to harmless-error review.  <u>Fulminante</u>, 499 U.S. at 282. Martin apparently relies on the Court's reference to constitutional violations that "defy analysis by 'harmless-error' standards," and which affect the "entire conduct of the trial from beginning to end."  <u>Id.</u> at 309-10.  The Fourth Circuit has held that "[a]bsent clear and convincing evidence to the contrary, [a defendant] is bound by the representations he made during the plea colloquy." <u>Burket v. Angelone</u>, 208 F.3d 172, 191 (4th Cir. 2000).  Because

Martin failed to show,[26] _supra_, section III.C.7, that his waiver of his right to a jury trial was not voluntary, he has not established a constitutional violation, and as a result, the level of review set forth in _Fuminante_ is not applicable to his case.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 5(C). As such, this Court RECOMMENDS that claim 5(C) be denied.

### 13. Claim 5(D) (State Habeas Claim (D)(1))

In claim 5(D), Martin asserts that appellate counsel was ineffective for not raising on appeal trial counsel's failure to have Martin considered for detention and diversion programs. Federal Petition, at 28-31. The Supreme Court of Virginia found that this claim was without merit because the sentencing hearing transcript demonstrated that between the time the sentencing hearing was continued to allow for such an evaluation, and before an evaluation could take place, it was determined that there was no need for the evaluation because a prior conviction rendered Martin ineligible for such programs. _Martin IV_, at 8. As support for this claim, Martin provides transcript excerpts in which the trial

---

[26]Additionally, the Court notes that Martin has not stated that he presented the facts supporting this issue to appellate counsel prior to the filing of the appeal. Assuming Martin never did so, appellate counsel would have had no reason to question the validity of the waiver of this right, which is documented in the record.

court ordered that Martin be evaluated for the programs, Federal Petition, at 29-30; this order was mooted by the discovery of Martin's ineligibility, due to his prior conviction, and defense counsel advised the court that the evaluation was not done for this reason.  Sentencing Hearing Transcript, <u>Commonwealth v. Martin</u>, No. CR 97001295-04, slip op. at 5 (Va. Cir. Ct. Apr. 4, 2003).  Martin fails to demonstrate that he was eligible for these programs despite his prior conviction.

Based on the foregoing, this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 5(D).  As such, this Court RECOMMENDS that claim 5(D) be denied.

### 14.   Claim 5(E) (State Habeas Claim (D)(2))

In claim 5(E), Martin asserts that appellate counsel was ineffective for not raising in the appeal to the Court of Appeals that the sentencing order did not accurately reflect the sentence stated by the court at the sentencing hearing.[27]  Federal Petition, at 31-33.  The Supreme Court of Virginia found that this claim was without merit because the record shows the claim was raised on appeal to the Court of Appeals.  <u>Martin IV</u>, at 9.  Martin has provided no evidence or case law to challenge this finding.

---

[27]Martin concedes that this issue was raised on direct appeal to the Supreme Court of Virginia.  Federal Petition, at 33.

Based on the foregoing this Court FINDS that Martin has failed to show that the Supreme Court of Virginia either unreasonably determined the facts or unreasonably applied federal law to deny claim 5(E).  As such, this Court RECOMMENDS that claim 5(E) be denied.

## IV.  **RECOMMENDATION**

For the foregoing reasons, the Court, having denied Martin's requests for an evidentiary hearing and for appointment of counsel, recommends that Martin's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Martin's claims be DISMISSED WITH PREJUDICE.

Martin has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the

Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b).

2.   A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____

F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia

July 27, 2006

<u>Clerk's Mailing Certificate</u>

     A copy of the foregoing Report and Recommendation was mailed this date to the following:

     William Deshaune Martin, #321376
     Greensville Correctional Center
     901 Corrections Way
     Jarratt, Virginia 23870
     PRO SE

     Josephine F. Whalen, Esq.
     Assistant Attorney General
     Office of the Attorney General
     900 E. Main Street
     Richmond, Virginia 23219

                    Fernando Galindo,
                    Acting Clerk of Court

          By: _____
                    Deputy Clerk

                    July   , 2006